(No. 4429-)

EDMOND C. BIRCH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 6, 1951.*

TAYLOR AND SCHNEIDERJON, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

The claimant, Edmond C. Birch, was on June 1, 1950 employed to mow vegetation on highways under the Department of Public Works and Buildings, Division of Highways. The terms of the employment provided that the work was to be done with a team and mower owned by Mr. Birch. He was paid $1.80 an hour; one dollar was for the pay of the driver, and 80 cents for the use of the team and mower. He was to cut vegetation when, if, and as the Division directed.

On June 13, 1950, Mr. Birch was mowing vegetation on S.B.I. Route No. 37 in Effingham County. At 2:30 o'clock that afternoon, he was working at a point approximately two miles southeast of Edgewood, when a wheel of the mower dropped into a hole on the highway shoulder. The resulting unexpected tipping motion of the mower caused Mr. Birch to fall from the mower seat to the ground. He fell on his left arm and shoulder, fracturing the arm at its upper extremity.

Mr. Birch's foreman saw the accident, and took him to Effingham, where he was placed under the care of Dr. H. F. Webb of the Effingham Clinic.

On June 14, 1950 Dr. Webb submitted the following report to the Division of Highways:

"X-Rays show comminuted fracture surgical neck, left humerus."

On June 14, 1950 the Division of Highways arranged to transfer Mr. Birch to the care of Dr. J. Albert Key and Associates, specialists in orthopedic surgery, in St. Louis, Missouri.

Dr. Key submitted a final report on April 17, 1951, which reads as follows:

"Mr. Birch was again examined on April 13, 1951, at which time it was found that there was still some atrophy about the shoulder girdle; there is limitation of elevation, and about 50% limitation of external rotation. There is no tenderness but some weakness, and the patient has some pain on motion. I believe that the shoulder will gradually improve, and feel that he has a permanent partial impairment of 20% of the arm as a whole."

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's Compensation Act, and the accident in question arose out of and in the course of the employment. Respondent furnished complete medical and hospital treatment. The only question is the extent of disability suffered by claimant.

Claimant was 45 years of age, and unmarried at the time of the accident. There are no children under 18 years of age dependent upon him for support. Claimant was employed as a laborer at a wage of $1.00 an hour. Other Division employees, working in the same capacity as claimant, ordinarily work less than 200 days a year. Therefore, under Section 10 of the Workmen's Compensation Act, claimant is presumed to have earned $1,560.00 in the year preceding the accident.

We find from the evidence that claimant has sustained a 20% loss of use of his left arm, as a result of the accident.

Claimant's compensation rate would be the maxi-

mum of $15.00. The injury having occurred subsequent to July 1, 1949, this must be increased 50%, making a compensation rate of $22.50 per week. The Division paid Mr. Birch compensation at the rate of $22.50 a week from June 14, 1950 to January 15, 1951, inclusive, in the amount of $694.25.

The record consists of the complaint, Departmental Report, and a stipulation filed in lieu of evidence.

For a 20% permanent loss of use of his left arm under Section 8, Paragraph (e) (13), the claimant should receive from the respondent $22.50 per week for 45 weeks, or the sum of $1,012.50.

An award is, therefore, entered in favor of the claimant, Edmond C. Birch, in the amount of $1,012.50, payable as follows:

$552.84, which has accrued, is payable forthwith;
$459.66, to be paid in weekly installments of $22.50, beginning July 13, 1951 for a period of 20 weeks, with a final payment of $9.66.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".